**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NIKHIL GUPTA,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

**Case No. 1:26-cv-**

**JURY TRIAL DEMANDED**

# VERIFIED COMPLAINT

Plaintiff Nikhil Gupta ("Plaintiff" or "Gupta"), by and through undersigned counsel, brings this action against the individuals and entities identified on Schedule A (collectively, "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. §§ 1 et seq. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's related claim under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq., because that claim forms part of the same case or controversy and concerns transfers of proceeds derived from the accused sales and undertaken to frustrate recovery on Plaintiff's patent claim.

2. This Court has personal jurisdiction over each Defendant because each Defendant has purposefully directed commercial activity toward Illinois and this District through fully interactive online storefronts, including by advertising, offering to sell, selling, and shipping the accused crimping beads to consumers in Illinois. On information and belief, each Defendant has

sold or offered to sell an accused product to a resident of this District, including the test purchase described below.

3. Venue is proper under 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this District and, on information and belief, maintain regular and established places of business in this District or are foreign defendants not resident in any United States judicial district. Venue is also proper as to foreign Defendants under 28 U.S.C. § 1391(c)(3).

**JOINDER**

4. Joinder is proper under 35 U.S.C. § 299(a) because Plaintiff's claims against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and selling of the same accused two-piece crimping bead, and because questions of fact common to all Defendants will arise in this action.

5. As reflected in Exhibit B, each Defendant offers materially identical crimping beads having the same distinctive two-piece construction and the same manner of operation: a spherical bead body, a through bore for string or beading cable, a transverse crimping bore, and a press-in plunger that fixes the bead on the string. The common structure and operation are not merely similar categories of products; they are the same accused product for purposes of the infringement allegations asserted here.

6. On information and belief, the material identity of the accused products, overlapping product configurations and dimensions, common listing terminology and imagery, and coordinated availability through Amazon reflect that Defendants obtain the accused products from a common manufacturer, supplier, or interconnected supply chain and participate in the same

series of transactions involving their manufacture, importation, distribution, offer for sale, and sale in the United States.

7. Common questions include whether the accused product contains each limitation of claim 1 of the ’698 Patent; whether its crimping bore intersects the through bore; whether the plunger is retained by interference fit and protrudes into the through bore when pressed; whether the materially identical accused products originate from a common source or supply chain; and the scope of appropriate injunctive relief directed to the same accused product.

8. Joinder is not based solely on allegations that Defendants have each infringed the same patent through unrelated acts. It is based on Defendants’ involvement in the same series of transactions concerning the same accused product, the common source or interconnected supply chain alleged above, the materially identical evidence required to establish infringement, and the common factual questions identified in this Complaint. Joinder therefore satisfies 35 U.S.C. § 299(a) and Federal Rule of Civil Procedure 20(a)(2).

## INTRODUCTION

9. This action concerns Defendants’ unauthorized manufacture, importation, use, offer for sale, and sale of two-piece crimping beads that practice the invention claimed in U.S. Patent No. 9,631,698 B2, titled “Crimping Bead With Plunger” (the “’698 Patent”).

10. The accused products include a bead body having a through bore for a beading cable or string and a transverse crimping plunger. In the initial state, the string passes through the bead while the plunger protrudes from the bead body. When the plunger is pressed inward, it enters the through bore, presses the string against the bore sidewall, remains fixed in position, and causes the bead to cling to and remain fixed on the string.

11. Defendants advertise, offer for sale, sell, and import the accused crimping beads through online marketplace storefronts identified on Schedule A. Defendants are not licensed or otherwise authorized to practice the ’698 Patent.

**THE PARTIES**

12. Plaintiff Nikhil Gupta is an individual residing in Schaumburg, Illinois. Gupta is the named inventor and patentee of the ’698 Patent and owns all right, title, and interest in the ’698 Patent, including the right to sue for past, present, and future infringement and to recover damages.

13. Defendants are individuals and business entities that own and operate one or more online marketplace accounts identified on Schedule A. Defendants conceal their identities and locations behind seller aliases and marketplace accounts. Plaintiff will amend this Complaint as appropriate when Defendants’ true names and additional identifying information become known.

**THE ’698 PATENT**

14. The United States Patent and Trademark Office issued the ’698 Patent on April 25, 2017, from U.S. Patent Application No. 14/156,997, filed January 16, 2014. The ’698 Patent claims priority to U.S. Provisional Application No. 61/754,337, filed January 18, 2013. A true and correct copy of the ’698 Patent is attached as Exhibit A.

15. Nikhil Gupta is the named inventor of the ’698 Patent. The ’698 Patent is presumed valid under 35 U.S.C. § 282.

16. The ’698 Patent addresses shortcomings in conventional crimp tubes and fragile crimp covers by providing a two-piece crimping bead having a through bore and an intersecting crimping bore containing a plunger. The plunger is retained in the crimping bore and, when pressed inward, engages and firmly retains a beading cable passing through the through bore.

17. Claim 1 of the '698 Patent recites a two-piece crimping bead comprising a crimp bead and crimping plunger, including: (a) a through bore adapted to receive a beading cable; (b) an intersecting crimping bore; (c) a plunger diameter exceeding the crimping-bore diameter by at least 0.02 millimeters; and (d) an interference fit that fixes the plunger against the cable and retains the cable against the sidewall of the through bore.

18. Claim 10 independently claims a two-piece crimping bead having the through bore, intersecting crimping bore, interference-fit plunger, internal protrusion of the plunger, and retention of the cable against the through-bore sidewall.

**DEFENDANTS' INFRINGING CONDUCT**

19. Plaintiff identified fully interactive online storefronts operated by Defendants that advertise, offer for sale, and sell the accused two-piece crimping beads. Screenshots of the accused listings are attached as Exhibit B.

20. The accused listings appear on Amazon.com and are associated with the seller aliases and account identifiers listed on Schedule A. The listings offer shipment to the United States, including Illinois, accept payment in United States dollars, and permit Illinois consumers to complete purchases online.

21. In or about July 2026, Plaintiff or his investigator purchased accused products from sellers listed in Schedule A and had them shipped to Vernon Hills, Illinois. A true and correct copy of the July 17, 2026 Amazon order confirmation and purchase invoice is attached as Exhibit C. The products received through those purchases are representative of the accused products shown in Defendants' listings.

22. Inspection and operation of the purchased product confirms that it contains a generally spherical bead body and a separate cylindrical plunger. A string passes through two

opposing openings in the bead body. The plunger is positioned transversely to the string path and is retained in a protruding initial position.

23. When the plunger is pressed inward, it remains fixed substantially flush with the bead body and causes the bead to grip and cling to the string. The gripping function necessarily requires the crimping bore to intersect the through bore and the plunger to protrude internally into the through bore and press the string against the sidewall.

24. The retained initial and final positions demonstrate that the plunger is disposed in an interference fit with the crimping bore. On information and belief, the plunger diameter exceeds the crimping-bore diameter by at least 0.02 millimeters, as required by claim 1. Plaintiff will confirm the precise dimensional differential through calibrated measurement and discovery.

25. The element-by-element infringement chart attached as Exhibit D maps the accused product to claim 1 of the ’698 Patent and includes photographs of the accused product in its initial, actuated, and open-bore states. The chart is preliminary and illustrative. Plaintiff reserves the right to supplement or amend its infringement contentions based on discovery, claim construction, and further technical analysis.

26. Defendants have made, used, offered to sell, sold, and/or imported the accused products in or into the United States without Plaintiff’s authority, thereby directly infringing at least claim 1 of the ’698 Patent under 35 U.S.C. § 271(a).

27. On information and belief, Defendants source the materially identical accused products from a common manufacturer or supply chain, use substantially similar listing content, and participate in the same series of transactions or occurrences involving the manufacture, importation, distribution, offer for sale, and sale of the accused products.

28. Defendants' conduct has caused and continues to cause Plaintiff monetary harm, including lost sales, price erosion, and loss of the lawful right to exclude others from practicing the patented invention.

29. Defendants had actual knowledge of the '698 Patent no later than service of this Complaint. Any infringing acts occurring after service are undertaken with knowledge of the '698 Patent and the infringement allegations stated here.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,631,698**
**(35 U.S.C. § 271)**

30. Plaintiff incorporates paragraphs 1 through 29 as if fully set forth here.

31. Plaintiff owns the '698 Patent and possesses the right to enforce it and recover damages for infringement.

32. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '698 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the accused two-piece crimping beads in or into the United States without authority or license from Plaintiff.

33. The accused products include every limitation of at least claim 1. They include a bead body and separate plunger; a through bore with two openings and a sidewall adapted to receive a beading cable; an intersecting crimping bore with openings and a sidewall; a plunger retained in the crimping bore by interference fit; and a plunger that, when pressed inward, protrudes into the through bore, remains fixed, and retains the cable against the through-bore sidewall. On information and belief, the dimensional relationship between the plunger and crimping bore satisfies claim 1's minimum 0.02 millimeter differential.

34. Defendants' infringement has damaged Plaintiff in an amount to be determined at trial, but no less than a reasonable royalty under 35 U.S.C. § 284.

35. Defendants' infringement after receiving actual notice of the '698 Patent and the accused infringement is knowing and deliberate. Plaintiff reserves the right to seek enhanced damages under 35 U.S.C. § 284 based on Defendants' post-notice conduct and the evidence developed in discovery.

36. Unless enjoined, Defendants' continued infringement will cause Plaintiff irreparable harm for which monetary damages alone are inadequate, including continued erosion of Plaintiff's exclusionary patent rights, loss of market opportunities, and difficulty recovering damages from anonymous or foreign online sellers.

**COUNT II**
**FRAUDULENT TRANSFERS**
**(740 ILCS 160/5)**

37. Plaintiff incorporates paragraphs 1 through 36 as if fully set forth here.

38. Plaintiff has a "claim" within the meaning of 740 ILCS 160/2(c) because Defendants' patent infringement gives Plaintiff a right to payment, whether or not that right has been reduced to judgment, liquidated, fixed, matured, or undisputed. Plaintiff is therefore a "creditor," and each Defendant liable for infringement is a "debtor," within the meaning of 740 ILCS 160/2(d) and (f).

39. On information and belief, each Defendant caused proceeds from sales of the accused products to be transferred from marketplace seller accounts and payment-processor accounts to bank accounts, digital-payment accounts, affiliated accounts, or other financial accounts controlled directly or indirectly by that Defendant or its insiders.

40. The transfers occurred after Plaintiff's claims for patent infringement arose and, as to transfers occurring after service or other notice of Plaintiff's patent rights, after the transferring Defendant had been sued or threatened with suit. The transferred assets include proceeds directly traceable to sales of the accused products.

41. On information and belief, Defendants made or continue to make these transfers with actual intent to hinder, delay, or defraud Plaintiff in the collection of amounts due for patent infringement. Circumstances supporting actual intent include Defendants' use of concealed or fictitious identities; control of the assets after transfer; concealment of destination accounts; removal of assets from marketplace accounts subject to this Court's jurisdiction; transfers to insiders or affiliated accounts; transfers after notice of Plaintiff's claims; and movement of substantially all available marketplace proceeds beyond the reach of ordinary collection.

42. To the extent any transfer was made without actual fraudulent intent, it is independently avoidable under 740 ILCS 160/5(a)(2) because, on information and belief, the transferring Defendant did not receive reasonably equivalent value and either retained assets unreasonably small in relation to its ongoing business or intended, believed, or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

43. The transfers are fraudulent as to Plaintiff under 740 ILCS 160/5(a)(1) and, in the alternative, 740 ILCS 160/5(a)(2). This claim does not seek liability merely because Defendants sold products accused of patent infringement. It challenges separate transfers and concealment of assets undertaken without reasonably equivalent value or with intent to frustrate Plaintiff's collection rights.

44. Under 740 ILCS 160/8 and /9, Plaintiff is entitled, subject to proof and applicable defenses, to avoidance of the transfers to the extent necessary to satisfy Plaintiff's claim;

attachment or other provisional remedies; an injunction against further disposition; appointment of a receiver where appropriate; recovery from transferees or persons for whose benefit the transfers were made; and such other equitable relief as the circumstances require.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) Finding that Defendants have infringed at least claim 1 of the ’698 Patent;

2) Preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them who receive actual notice of the injunction from making, using, offering to sell, selling, or importing any product that infringes the ’698 Patent;

3) Ordering online marketplaces and other third parties with actual notice of the injunction to disable the accused listings and storefront content specifically identified by the injunction, consistent with Federal Rule of Civil Procedure 65(d);

4) Awarding Plaintiff damages adequate to compensate for Defendants’ infringement, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

5) Awarding enhanced damages under 35 U.S.C. § 284 to the extent supported by Defendants’ willful post-notice infringement;

6) Finding this case exceptional and awarding Plaintiff its reasonable attorneys’ fees under 35 U.S.C. § 285;

7) Ordering an accounting of Defendants’ infringing sales and other discovery necessary to determine damages;

8) Avoiding each fraudulent transfer to the extent necessary to satisfy Plaintiff's claim, pursuant to 740 ILCS 160/8;

9) Attaching the transferred assets or other property of the transferees, and enjoining Defendants and transferees from further transferring, withdrawing, encumbering, concealing, or dissipating those assets, pursuant to 740 ILCS 160/8;

10) Imposing a constructive trust or equitable lien on identifiable transferred assets and their traceable proceeds, appointing a receiver if necessary, and awarding recovery against transferees or persons for whose benefit the transfers were made to the extent permitted by 740 ILCS 160/8 and /9; and

11) Awarding all other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 13, 2026

Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee
332 S. Michigan Ave.
Suite 900
Chicago, IL 60604
nslee@nslegal-ip.com
T: 224-360-3293

*Counsel for Plaintiff*

## VERIFICATION

I, Nikhil Gupta, declare as follows:

1. I am the Plaintiff, named inventor, and patentee of U.S. Patent No. 9,631,698. I make this Verification based on my personal knowledge and information reported to me by persons acting on my behalf.

2. I have read the foregoing Verified Complaint. The factual allegations are true based on my personal knowledge and information reported to me by persons acting on Plaintiff's behalf, except for matters alleged on information and belief, which I believe to be true.

3. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 13, 2026 at Schaumburg, Illinois.

Nikhil Gupta